UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANTHONY ANDRE PAUL and ALBERTY PAUL, as co-Administrators of the Estate of ANTHONY ANDRE PAUL II, Deceased,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK, et al.,

                             Defendants.
------------------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

16 CV 01952 (VSB)

        **WHEREAS**, defendant City of New York intends to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendant City of New York and the individually-named defendant members of the New York City Police Department ("NYPD") (collectively "defendants") object to the production of these documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the respective parties, as follows:

        1.     As used herein, "Confidential Materials" shall mean (a) NYPD investigatory records concerning the conduct of members of service conducted by the NYPD or other agency, that have been designed by defendants as "Confidential Materials" subject to this

Order, (b) documents that the parties agree should be subject to this Order, and (c) any document that the Court directs to be produced subject to this Order. Such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiffs or co-defendants New York City Health and Hospitals Corporation (HHC) and North Central Bronx Hospital (NCBH) (together "co-defendants") from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiffs and co-defendants and their counsel shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their clients' cases in this action.

3. Counsel for plaintiffs and co-defendants, and their respective clients, shall not disclose the Confidential Materials to any person not a member of the staff of the law office of attorneys of record in this action, except under the following conditions:

> a. Disclosure may be made only if necessary to the preparation or presentation of a party's case in this action.
>
> b. Disclosure before trial may be made only to plaintiffs or co-defendants, to an expert who has been retained or specially employed by an attorney of record in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.
>
> c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the disclosing attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the disclosing attorney and a copy shall be furnished to defendant's attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. Defendants or their attorneys may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel. To effectuate the purpose of subsection (b), all parties and their counsel are to hold the transcript as Confidential Materials until defendants' counsel has had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

6. If a party's counsel objects to the designation of any Confidential Materials as such, he or she shall state such objection in writing to all counsel of record, and counsel shall attempt in good faith to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential Materials until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7.  The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

8.  At the request of defendants' counsel, within 30 days after the termination of this Action, including any appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9.  Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

11. The Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: September 20, 2016
New York, New York

THE COCHRAN FIRM
55 Broadway, 23rd Floor
New York, NY 10006
(212) 553-9215
*Attorneys for Plaintiffs Anthony Andre Paul and Alberty Paul, as co-Administrators of the Estate of Anthony Andre Paul II, deceased*

By: _____
Derek S. Sells
Stephanie R. Correa
Tracey L. Brown

FURMAN KORNFELD & BRENNAN LLP
61 Broadway, 26th Floor
New York, NY 10006
(212) 867-4100
*Attorneys for Co-Defendants New York City Health and Hospitals Corporation and North Central Bronx Hospital*

By: _____
Patrick J. Brennan

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, New York City Emergency Medical Services of the New York City Fire Department, Vincent Giordano, Albert Lindquist, Eugene McCarthy, Joyce Williams, Kevin Maloney, James Dameron, Ralph Hicks, Debra Jack, Richard Newman, Nelson Sweeting, Anel Heredia, Brendan McMorrow, Samuel Baez-Veras, Ceasar Munoz, Anthony DiFrancesca, Richard Hefner, Aramis Ramos, Darren McNamara, Andrew McCormack, Finbarr McCarthy, Nicholas Budney, Sean Gezurian, Kevin O'Doherty, and Brian Wargo*
100 Church Street
New York, NY 10007
(212) 356-2355

By: _____
Susan P. Scharfstein

SO ORDERED:

_____
HON. VERNON S. BRODERICK 9/26/2016
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated September ___, 2016, in the action entitled Anthony Paul, et al. v. City of New York, et. al., 16 CV 01952 (VSB) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation