

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
**100 CHURCH STREET**
**NEW YORK, NY 10007**

**Susan P. Scharfstein**
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

September 13, 2019

Honorable Sarah Netburn *(by ECF)*
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Paul, et al. v. City of New York, et al., 16 CV 01952 (VSB) (SN)

Dear Magistrate Judge Netburn:

I represent the City of New York and ten individual defendant members of the NYPD ("City Defendants") in this action. I write to request, with the consent of all parties, that the Court allow City Defendants to conduct the depositions of three non-party witnesses past the current deadline of September 13, 2019, to the next scheduled conference. For the reasons below, City Defendants believe that there is good cause for the Court to grant this application on consent.

As previously reported to the Court on August 1, 2019, City Defendants have long sought diligently to locate and depose five non-party witnesses who are believed to have information concerning the underlying incident involving plaintiff's decedent, Anthony Paul, that took place at Narco Freedom House # 19, a three-quarter facility, in the Bronx, New York, on July 1 and 2, 2015. Two of the five witnesses, Curtis Joseph and Charles Webb, appeared in response to subpoena. Two of the remaining witnesses, former Narco Freedom House # 19 staff members Rafael Perez and Terrence Thomas, failed to appear on the subpoenaed dates. This office has heard nothing from Mr. Perez and has no explanation for his failure to appear. We wish to make further inquiries to attempt to locate him and communicate the importance of complying with the subpoena.

Mr. Thomas contacted me by telephone on the subpoenaed date, September 6, 2019, shortly before the deposition was to commence at 10:00 a.m. He informed me that he was running late as a result of having been held over at work, and would appear at my office no later than 1:00 p.m. Although counsel had already convened at my office at 10:00 a.m., it was necessary to reconvene several hours later. All counsel awaited Mr. Thomas until approximately 1:45 p.m. He nonetheless failed to appear as promised or at any later time on that date. I heard nothing further until this morning, when I received a phone call from Mr. Thomas advising me that he had not appeared on September 6, 2019, as planned, because he was exhausted as a result of his work schedule. He explained that he has had difficulty in communicating with me because his cell phone has not been working. We discussed possible alternative dates for the deposition. He requested that

I provide a letter for his employer once an alternative date for the deposition was agreed upon. I intend to reach out to counsel for all parties to discuss rescheduling this deposition if the Court grants this application.

With regard to Christopher Bowman, one of Mr. Paul's roommates at Narco Freedom House # 19 who was present during the underlying incident, this office had arranged to conduct his deposition by videoconference link with the U.S. District Courthouse for the Southern District of Ohio in Columbus, as he was believed to be living in that area. This office learned earlier this week, however, that the Ohio investigator whom they had retained had been unable to effect service. We would like to continue to attempt to locate Mr. Bowman because he is the only witness who was present with Mr. Paul in their shared apartment at the time of the incident and is believed to be the last person to have had direct contact with Mr. Paul prior to his interactions with the defendant police officers.

Over the past month, City Defendants have continued diligently to attempt to arrange these final depositions in this matter.[1] After Mr. Thomas failed to appear on September 6, 2019, this office had delivered to his home a letter explaining the importance of appearing to testimony without Court intervention. We plan to forward a similar letter to Mr. Perez. Our private investigations service has continued to make efforts to locate Mr. Bowman by interviewing persons at his prior addresses and at least one person who is believed to a family member. As described above, City Defendants believe that the individuals in question are important percipient witnesses to the events underlying the allegations made against them in this lawsuit and that they may be prejudiced if they are unable to conduct the depositions. All counsel for the parties have convened numerous times at the Law Department for the depositions, with a court reporter present, to no avail. To avoid any further or undue burden or expense to counsel for plaintiff and co-defendants HHC and North Central Bronx Hospital, City defendants propose that additional time is needed to contact the witnesses and communicate with them to confirm the depositions so that counsel will not be required to appear for no useful purpose. City Defendants also wish to avoid burdening the Court with contempt motions when we are not certain as of yet that we cannot obtain the voluntary compliance of the witnesses. As Judge Broderick has set a post-discovery conference to take place on November 22, 2019, City Defendants believe that no delay or prejudice will result if the Court allows them to conduct these depositions in the interim.

For the above reasons, City Defendants ask that the Court allow City Defendants to conduct the depositions of non-party witnesses Terrence Thomas, Rafael Perez, and Christopher Bowman, to take place on agreed-upon dates up to the date of the post-discovery conference that has been set by Judge Broderick.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Susan P. Scharfstein

---

[1] In their August 1, 2019 letter to the Court, City Defendants described in detail their efforts to that date to locate and serve the six non-party civilian witnesses whom they wished to depose over approximately the last year.

cc:     All Counsel *(by ECF)*