UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY ANDRE PAUL and ALBERTY PAUL, as
co-Administrators of the Estate of ANTHONY ANDRE
PAUL II deceased,

                        Plaintiffs,

    -against-

THE CITY OF NEW YORK, NORTH CENTRAL
BRONX HOSPITAL, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, DEPUTY CHIEF
VINCENT GIORDANO, individually and his capacity as a
member of the New York City Police Department, CAPTAIN
EUGENE MCCARTHY, individually and his capacity as a
member of the New York City Police Department,
LIEUTENANT MICHAEL LICITRA, individually and in his
capacity as a member of the New York City Police Department,
DETECTIVE ANTHONY DIFRANCHESA, individually and
his capacity as a member of the New York City Police
Department, DETECTIVE RICHARD HEFNER, individually
and his capacity as a member of the New York City Police
Department, POLICE OFFICER ARAMIS RAMOS,
individually and his capacity as a member of the New York
City Police Department, DETECTIVE DARREN
MCNAMARA, individually and his capacity as a member of
the New York City Police Department, DETECTIVE
ANDREW MCCORMACK, individually and his capacity as a
member of the New York City Police Department,
DETECTIVE FINBAR MCCARTHY, individually and his
capacity as a member of the New York City Police Department,
SERGEANT O'DOHERTY, individually and his capacity as a
member of the New York City Police Department, JOHN and
JANE DOES, said names being fictitious and intended to
represent individual officers, members, agents, servants and/or
employees of the New York City Police Department, New York
City Health and Hospitals Corporation, North Central Bronx
Hospital and/or New York City Emergency Medical Services of
the New York City Fire Department in their individual and
official capacity,

                        **Defendants.**
-------------------------------------------------------------------X

16-CV-01952

**RULE 56.1 STATEMENT
OF UNDISPUTED FACTS**

**DEFENDANTS NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION AND NORTH CENTRAL BRONX
HOSPITALS' RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

The Defendants New York City Health and Hospitals Corporation and North Central Bronx Hospital submit this statement of uncontested facts pursuant to Local Civil Rule 56.1 in support of their Motion for Summary Judgment[1].

1. On July 1, 2015 Anthony Andre Paul II was age 29. Mr. Paul resided in a three-quarter facility operated by Narco Freedom, Inc. located in Bronx County (Ex. E, 2d Amended Complaint ¶41). Mr. Paul was

2. On July 2, 2015 a call was placed to 911 reporting erratic behavior by Mr. Paul at his Narco Freedom House 19 apartment (Ex. E, 2d Amended Complaint ¶42).

3. Mr. Paul suffered from an emotional disturbance (Ex. E, 2d Amended Complaint ¶2).

4. After being subdued by the NYPD, he was placed in an ambulance, where he was described as agitated and combative (Ex. E, 2d Amended Complaint ¶61)

5. The decedent was transported to the hospital by FDNY EMS ambulance (Ex. Q). He was triaged at 1 a.m., as soon as he was brought into the emergency room, by RN Nelma Matira (Ex. Q; Ex. T pp.109-110) and was treated by ER physician Joshua Silverberg, M.D. (Ex. Q).

6. Mr. Paul was agitated and combative in the ambulance and in the emergency room, stating he wanted to die (Ex. Q; Ex. S pp. 177-178; 267-269; 274-277; Ex. T p. 116; 153-154).

---

[1] The facts stated herein and in defendants' accompanying memorandum or law are not conceded by defendants and are assumed to be true only for purposes of their motion. See Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion"). Defendants reserve the right to assert different and/or conflicting facts at trial. The facts stated herein and in the 56.1 are not conceded by defendants and are assumed to be true only for purposes of this motion. See Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion"). Defendants reserve the right to assert different and/or conflicting facts at trial.

7. At 1:20 a.m. he went into cardiac arrest. He was treated immediately with resuscitation but could not be revived. He was pronounced dead at 1:39 a.m. by Dr. Silverberg (Ex. Q).

8. An autopsy was performed on July 3, 2015 by Monica Smiddy, M.D., M.P.H., City Medical Examiner-II, who issued a report concerning same dated September 22, 2015, stating the manner of death was accident, and the cause of death was cardiac arrhythmia due to agitated delirium, (probable drug intoxication) (Ex. R).

9. Mr. Paul was 6 feet tall and weighed 214 lbs. (Ex. R).

10. Anthony Andre Paul and Alberty Paul petitioned for, and received, Limited Letters of Administration from Bronx County Surrogate's Court on February 11, 2016 (Ex. N).

11. In connection with that petition, both Anthony Andre Paul and Alberty Paul submitted signed, sworn statements, averring that each had read "the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true." Ex. N).

12. These statements aver that the decedent had no personal property or real property; was survived by only one distribute, his father Anthony Paul; had no brothers or sisters who would inherit his estate pursuant to NY EPTL 4-1.1 and 4-1.2 (Ex. N).

13. Also included in the petition submitted by Messrs. Paul was a "Family Tree Affidavit" signed and sworn to by Lilly Robles, who identified herself as a family friend for over 10 years, a personal friend of the decedent, with personal familiarity with his family (Ex. N).

14. In this affidavit Ms. Robles states, based on "first hand conversations with the decedent during his lifetime" and her own "personal observations of the decedent and his family" the decedent was survived only by his father Anthony Paul. (Ex. N).

15. At the time he died the decedent was not married and had no children (Ex. O p. 18) and was not providing financial assistance or services to any distributee (Ex. P p. 114; 337).

16. Mr. Paul was working in a deli, but the decedent's father and uncle did not know how much income he earned (Ex. O pp. 51-52; Ex. P. 434-435; 437).

17. The decedent was survived by his father, Anthony Andre Paul and his sister Michelle Charles (Ex. P pp. 9; 23-24).

18. Anthony Andre Paul died on March 27, 2018 (Ex. P. p. 9).

19. The decedent's burial expenses were not paid by any distributee, nor was any distributee responsible for paying the funeral expenses (Ex. N; Ex. P pp. 342-344).

20. The decedent's burial expenses were paid by his uncle Alberty Paul, his aunt Marilyn Abrahams, and by his uncle Gary Paul, none of whom are distributees. (Ex. P 344-355).

21. Plaintiffs did not know the exact or approximate amount of the funeral expenses (Ex. O p. 26; Ex. P pp. 342-344; 432-433).

22. Alberty Paul testified under oath he did not seek reimbursement for the funeral expenses. (Ex. P p. 345)

23. The documents produced by Plaintiffs related to funeral expenses do not indicate the exact amount of funeral expenses paid (Exhibit N).

24. Anthony Andre Paul's 50-H hearing testimony that he paid "between 12 and 13,000 [dollars] for his son's funeral costs (Ex. O p. 26) was contradicted by Alberty Paul, who called this claim "incorrect" (Ex. P p. 344).

25. The Plaintiffs did not know whether the decedent had any medical bills outstanding at the time of his death, related to treatment rendered on July 1 and July 2, 2015 (Ex. P pp. 430-431, 433.

26. On December 22, 2017 Plaintiff served Rule 26 (A) Initial Disclosures (Exhibit G). This disclosure was supplemented once on May 17, 2018 (Exhibit H). The initial disclosure states the following concerning the computation of damages:

*"Response to FRCP 26 (a)(1)(A)(iii):* Plaintiffs seek compensatory, injunctive, punitive, exemplary damages for the constitutional violations suffered by the Decedent, including, but not limited to violations of 42 U.S.C. §1983, unlawful arrest, excessive force, assault, battery, cruel and unusual punishment, negligence, recklessness, carelessness and decedent's wrongful death. In addition, Plaintiffs seek reasonable attorneys' fees under 42 U.S.C. §1983. In addition, Plaintiffs seek damages against New York City Health and Hospitals Corporation and North Central Bronx Hospital. Plaintiffs intend on retaining experts to compute Plaintiffs' full amount of damages".

27. The May 17, 2018 supplemental response is silent on the damages disclosure required by FRCP 26 (a)(1)(A)(iii). Moreover, no expert on compensatory damages has been disclosed.

28. Both plaintiff's medical experts, forensic pathologist Kevin Whaley, M.D. and emergency medicine expert Evan Cohen, M.D. opined that the decedent died from excited delirium. (Ex. U; Ex. V p. 210; Ex. W p. 24).

29. One of the features of excited delirium is insensitivity to pain. (Ex. U, Whaley reports; Ex. W pp. 225-226).

30. Neither medical expert's report states an opinion that any alleged departure from accepted standards of medical practice attributed to the hospital was a substantial factor in causing conscious pain or suffering to the decedent before death (Ex. U).

31. Dr. Cohen is a member of the American College of Emergency Physicians ("ACEP") (Ex. W p. 81).

32. ACEP promulgates guidelines (Ex. W p. 81).

33. The purpose of the guidelines is to provide reliable authoritative information to members about treatment (Ex. W pp. 83-84).

34. Tables in ACEP guidelines for sedation agents for excited delirium are reliable (Ex. W p. 83).

35. The onset of effectiveness of Ativan, according to ACEP, can be 15 to 30 minutes from administration Tables in ACEP guidelines for sedation agents for excited delirium are reliable (Ex. W p. 83).

36. If Paul was given Ativan intramuscularly, it would take up to a maximum of 30 minutes for the drug to take effect for treatment to begin Tables in ACEP guidelines for sedation agents for excited delirium are reliable (Ex. W p. 84).

37. Treatment of excited delirium syndrome remains largely speculative and consensus driven (Ex. W p. 85).

38. The specific circumstances under which medical interventions will provide benefit are currently unclear (Ex. W p. 85).

39. Dr. Cohen did not know how long the decedent had excited delirium before he died (Ex. W pp. 164-165).

40. Dr. Cohen did not know whether Paul was partially or completely impervious to pain (Ex. W pp. 226-227)

41. The decedent likely had an impaired ability to feel pain because of excited delirium (Ex. W p. 224).

42. Sedative use at or after 1:00 a.m. on July 2, 2015 would not have prevented Mr. Paul's death in the emergency room (Ex. V pp. 137-143 ; Ex. W. pp. 91-92).

43. The potential a sedative could have prevented the decedent's death is similar to the potential there are space aliens (Ex. V p. 141).

Dated: New York, New York
October 2, 2020

                          FURMAN KORNFELD & BRENNAN LLP
                          Attorneys for the Defendants
                          NORTH CENTRAL BRONX HOSPITAL
                          and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
                          61 Broadway, 26th Floor
                          New York, New York 10006
                          (212) 867-4100

By: _____
      Patrick J. Brennan