UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                        :

ANTHONY ANDRE PAUL, et al.,        :
                                         :

                     Plaintiffs,   :                16-CV-1952 (VSB)
                                         :

            - against -          :               **ORDER**
                                         :

NORTH CENTRAL BRONX HOSPITAL, et :
al.,                                      :

                  Defendants.  :
                                         :
--------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

      I am in receipt of the parties' joint preliminary trial report, (Doc. 324, "JPTO"), as well as

the parties' respective motions in limine, (Docs. 326–329.)  In the JPTO, the parties set forth

their objections to the opposing party's proposed exhibits.  Defendants object to the admissibility

of several of Plaintiff's proposed exhibits, the vast majority of which the Officer Defendants[1]

have separately moved in limine to exclude.  (Doc. 328 at 16, 35–36.)  Plaintiff also objects to

the admissibility of several of the Defendants' proposed exhibits, but Plaintiff has not moved in

limine to exclude any of this evidence nor has Plaintiff provided an explanation for its objections

other than providing references to the Federal Rules of Evidence.  Neither party has provided my

Chambers with a copy of the disputed exhibits.  Accordingly, it is hereby:

---

[1] The "Officer Defendants" refers to the following individual defendants who remain in this action:  Anthony DiFrancesca, Vincent Giordano, Richard Hefner, Michael Licitra, Eugene McCarthy, Darren McNamara, Kevin O'Doherty, and Aramis Ramos.  In the JPTO, the Officer Defendants request that I amend the case caption to reflect that the City of New York is no longer a party to this action, and Plaintiff maintains, without explanation, that the City of New York is still a party.  (Doc. 326 at 2 n.1.)  On May 30, 2023, I issued an Opinion & Order dismissing all claims against the City of New York and Officers McCormack and Finbarr McCarthy, thereby dismissing the City of New York as a defendant.  (Doc. 309.)  Therefore, the City of New York is no longer a defendant in this action and the case caption is amended accordingly.

ORDERED that the parties meet and confer regarding the objected to exhibits to attempt to narrow the final set of exhibits to which an objection will be raised.

IT IS FURTHER ORDERED THAT, after the parties meet and confer to narrow the objected to exhibits, the parties provide my Chambers with a final list and electronic copies of the disputed exhibits by Wednesday, April 24, 2024.

IT IS FURTHER ORDERED that, if after meeting and conferring, the parties still seek to preclude the exhibits listed below,[2] the parties are ordered to move in limine to preclude the exhibit, or to otherwise provide me with a statement making clear the basis for their objections, including any necessary supporting authority.  Mere reference to the Federal Rules of Evidence with regard to any exhibit, such as those set forth in the JPTO, is insufficient.  The parties are directed to provide me with this information on or before Wednesday, April 25, 2024.  Failure to comply with this Order may result in my considering any further objection waived.

**Defendants' Objections:**

Plaintiff's Exs. 3, 14, 25, 26, 27, 28, 29, 30, 31, 32

**Plaintiff's Objections:**

Officer Defendants' Exs. A, C, D, E, F, G, H, I, J, K, P, Q, T, U, V

Hospital Defendants' Exs. U, W, X, Y, Z, AA, BB, CC, DD, LL, MM, HH

SO ORDERED.

Dated:     April 17, 2024
           New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge

---

[2] The exhibit numbers and letters refer to those listed in the JPTO.  My failure to reference an exhibit should not be construed as a ruling as to that exhibit.