UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                  :
ANTHONY ANDRE PAUL, et al.,             :
                  :
                Plaintiffs,  :
                  :          16-CV-1952 (VSB)
        - against -                :
                  :          **ORDER**
                  :
NORTH CENTRAL BRONX HOSPITAL, et :
al.,                  :
                  :
               Defendants.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On Friday, May 31, 2024, I held a charge conference in this matter to discuss the proposed jury charge, which I provided to the parties by email on Thursday, May 30, 2024, and which is attached to this Order as Exhibit A. During that conference, the parties raised various objections to the proposed jury charge, many of which I resolved during the conference. I ordered the parties to provide caselaw or other support for their continued objections by Saturday, June 1, 2024 at 12:00 PM. Based on the parties' submissions, *see* (Docs. 390–393), and for the reasons stated on the record during the charge conference, I find as follows:

1. Because I find that the damages recoverable on Plaintiff's wrongful death claim are subsumed within the damages recoverable on Plaintiff's Section 1983 claim, as set forth in the instructions, the jury will not be separately instructed on Plaintiff's wrongful death claim. Plaintiff has not provided any caselaw where courts have instructed the jury separately on a Section 1983 claim and a wrongful death claim, nor has Plaintiff provided any additional rationale for including such an instruction here. Under New York state law, "[t]o succeed on a cause of action to recover damages for wrongful death, the decedent's personal representative must establish, *inter alia,* that the defendant's

wrongful act, neglect or default caused the decedent's death." *Estate of Jaquez v. Flores*, No. 10-CV-2881, 2016 WL 1084145, at *4 (S.D.N.Y. Mar. 17, 2016) (quoting *Roth v. Zelig*, 883 N.Y.S.2d 550, 559 (App. Div. 2009)).  In addition, wrongful death damages under New York State law "are limited to fair compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought."  *Id*. at *5 (quoting *McKee v. Colt Elecs. Co.*, 849 F.2d 46, 50 (2d Cir. 1988)).  Here, if the jury finds that the Officer Defendants used excessive force, then the economic damages recoverable on the wrongful death claim, namely the funeral expenses and costs associated with Mr. Paul's burial plot, are subsumed within the damages recoverable for any constitutional violation.  The additional recoverable damages under Section 1983 for loss of enjoyment of life are clarified in the jury charge, which states as follows:  "In addition, in considering compensatory damages in connection with Plaintiff's Section 1983 claims, which relate only to the Officer Defendants, not the Hospital Defendants, you may consider the intrinsic value of Mr. Paul's life and Mr. Paul's loss of enjoyment of the life he would have lived."  Similarly, with respect to the Hospital Defendants, the recoverable wrongful death damages are subsumed within the recoverable damages in connection with the medical malpractice claim against the Hospital.  In addition, having reviewed the standard pattern jury charge regarding wrongful death under New York State law, I find that the jury charge accurately instructs the jury as to which damages are recoverable for any "wrongful act" caused by the Defendants.  *See* N.Y. PJI 2:320.  Thus, although I decline to instruct the jury separately on Plaintiff's wrongful death claim, the jury charge regarding damages does, in fact, instruct the jury to consider the damages that would be recoverable in connection with the wrongful death claim.  I find that to instruct on wrongful death under the facts of this case

could lead to confusion by the jury.

2. The jury will be instructed to consider Plaintiff's negligence claim against Defendants DiFrancesca, McNamara, and Ramos. The Officer Defendants have not provided any authority prohibiting Plaintiff from pursuing alternative theories of liability at trial.

3. Since Plaintiff and the Officer Defendants agree, the jury will not be instructed on Plaintiff's assault and battery claims.

The final version of the jury charge is attached to this Order as Exhibit B.

SO ORDERED.

Dated:    June 2, 2024
          New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge